# EXHIBIT A

Case 1:21-cv-02054-LMM   Document 1-1   Filed 05/14/21   Page 2 of 13

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-01804-S5**
**4/13/2021 5:47 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| HAYDEN WREYFORD, on behalf of himself and all others similarly situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>PERDUE FOR SENATE, INC., a Georgia corporation, and :<br><br>GEORGIANS FOR KELLY LOEFFLER, INC., a Georgia corporation, :<br><br>Defendants. | Civil Action File No.<br><br>**21-C-01804-S5**<br><br>**CLASS ACTION**<br>**Jury Trial Demanded** |

### FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

"Americans passionately disagree about many things.
But they are largely united in their disdain for robocalls."

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020)

1.     The Telephone Consumer Protection Act, 47 U.S.C.§ 227(b) prohibits all prerecorded robocalls – including political robocalls – regardless of the content, unless the caller has "prior express consent" from the called party. *Barr*, 140 S.Ct. at 2343.

1

2. Defendants PERDUE FOR SENATE, INC. and GEORGIANS FOR KELLY LOEFFLER, INC., commissioned a robocall campaign that called Plaintiff's cellular telephone number and played a prerecorded message that urged Plaintiff to vote for former Senators David Perdue and Kelly Loeffler in the special elections for United States Senate in Georgia on January 5, 2021. Plaintiff had no relationship with the candidates, and did not provide consent to receive these calls.

3. Plaintiff, Hayden Wreyford ("Wreyford") thus seeks redress on behalf of himself and all others similarly situated who subscribe to a cellular telephone number that Defendants commissioned prerecorded voice calls to without such persons' prior express consent.

4. Plaintiff alleges that Defendants' conduct violated the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) ("TCPA"), and the regulation promulgated thereunder, 47 CFR § 64.1200(a)(1)(iii).

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff is a natural person who resides in Gwinnett County, Georgia and is authorized by law to bring this action.

6. Defendant, PERDUE FOR SENATE, INC. ("Perdue campaign"), is a corporation formed in the State of Georgia.

7. Defendant, GEORGIANS FOR KELLY LOEFFLER, INC. ("Loeffler campaign"), is a corporation formed in the State of Georgia.

8. In the course of its business, Defendants commissioned a call made on January 4, 2021, using the previously recorded voice of the then United States Secretary of Agriculture, Sonny Perdue, to Plaintiff's Georgia area code cellular telephone number in Gwinnett County, Georgia for the purposes of encouraging Plaintiff to vote for former Senators Kelly Loeffler and David Perdue in the January 5, 2021 runoff elections for the United States Senate in Georgia.

9. The call was received by Plaintiff in Gwinnett County, Georgia.

10. Defendants are subject to the jurisdiction of this court.

11. This is an action for a tort, wrong, or injury done in Gwinnett County, Georgia.

12. Venue is proper pursuant to O.C.G.A. § 14-3-510(b)(3). In the alternative, venue is proper pursuant to O.C.G.A. § 14-3-510(b)(4).

13. Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## STATEMENT OF FACTS

14. The named Plaintiff is the subscriber and regular user of cellular telephone service for telephone number (770) 355-3534.

15. In the lead-up to the special election for United States Senate on January 5, 2021, Defendants commissioned automated calls ("robocalls") for the purposes of encouraging recipients to vote for United States Senators David Perdue and Kelly Loeffler.

16. Plaintiff received such a call on his cellular telephone on January 4, 2021 using the previously recorded voice of the then United States Secretary of Agriculture, Sonny Perdue, for the purposes of encouraging Plaintiff to vote for former Senators Kelly Loeffler and David Perdue in the January 5, 2021 runoff elections for the United States Senate in Georgia. Hereinafter, this call will be referred to as the "Sonny Perdue robocall."

17. The Sonny Perdue robocall stated that it was paid for by the Defendants.

18. The Sonny Perdue robocall was paid for by the Defendants.

19. Plaintiff received the Sonny Perdue robocall while in Gwinnett County, Georgia.

20. Plaintiff never consented to being called by Secretary Sonny Perdue or the defendants.

21. Plaintiff did not desire to receive such calls to his cellular telephone number, and Plaintiff and members of the class suffered harm as a result including, but not limited to, annoyance, nuisance, harassment, invasion of the

their respective privacy interests, intrusion upon seclusion, trespass or occupation of their respective telephone lines.

22. Defendants' calls rendered Plaintiff and the class members' cell phones unavailable to receive legitimate calls or messages or perform other tasks for a short but material amount of time.

23. In using prerecorded messages, Defendants served their own convenience and efficiency, to the material detriment of consumers' privacy in violation of federal law.

24. Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and Defendants have harmed the named Plaintiff and class members by invading this legally protected right.

25. The legally protected rights under the TCPA closely relate to rights enforceable at common law, including without limitation to the torts of intrusion upon seclusion, nuisance, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

26. Defendants knew or should have known prerecorded voice calls for political purposes were illegal when made to cellular telephone numbers without consent.

27. The plain language of the TCPA is clear in prohibiting such calls.

28. The United States Supreme Court had clarified on July 6, 2020 both that political calls were prohibited by the TCPA and that the TCPA was constitutional as applied to such calls. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 207 L. Ed. 2d 784 (2020).

29. The Federal Communications Commission ("FCC"), which implements and also has enforcement authority with respect to the TCPA, has also made clear that such calls are prohibited. https://www.fcc.gov/rules-political-campaign-calls-and-texts

30. In fact, the FCC has issued an enforcement advisory to remind companies, such as Defendant, that such calls are prohibited by the TCPA and the FCC's rules. *FCC Enforcement Advisory*, 27 FCC Rcd 11017 (Sept. 11 2012).

31. Despite clear direction from authoritative sources that such calls were prohibited without consent, the calls were made without a proper cellular scrub.

32. The violations of the TCPA were willful and knowing.

33. All conditions precedent to bringing this action have been complied with.

## CLASS ALLEGATIONS

34.     This action is brought on behalf of a class defined as (i) all persons to whose cellular telephone numbers (ii) the Sonny Perdue robocall was made (iii) where such person had not consented prior to the initiation of the call.

35.     The exact size of the class is information within the exclusive knowledge of the Defendants.

36.     The class is so numerous that joinder of all members is impractical.

37.     The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based upon the following information: 1) The call to Plaintiff was generic and previously recorded in a fashion which indicates they were made using automated means; 2) the sitting Secretary of the United States Department of Agriculture would not take the time to record a robocall that was not sent to a massive group of recipients, 3) the costs and market rate of making such calls is pennies per call, and 4) the very purpose of prerecorded message calling is to call numerous persons in a short amount of time.

38.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

    a.     Whether the Sonny Perdue robocall used a prerecorded voice within the meaning of the TCPA;

  b. Whether Defendants had the prior express consent of the called party to make such calls; and

  c. Whether the telephone calls were made knowingly or willfully.

34. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

35. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

36. Certification of the class under Rule 23 is appropriate in that:

  a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

  b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendants' telemarketing and telephone solicitation calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain

relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

37. Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for his claims of monetary damages.

## CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

38. The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

39. The TCPA prohibits making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. §227(b)(1)(A)(iii); 47 CFR § 64.1200(a)(1)(iii).

40. Defendants commissioned such calls to Plaintiff and members of the proposed class.

41. As a result of Defendants' actions in violation of the TCPA and the FCC's implementing regulations, Plaintiff is entitled to an award of damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3).

9

42. Defendants' conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations was willful or knowing.

43. Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(b)(3).

44. Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

72. Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

73. Plaintiff hereby demands that the Defendants take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation

of this claim. If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants, as follows:

A. Certification of this matter to proceed as a class action;

B. That Plaintiff and the class be awarded damages in the amounts provided by statute;

C. That Plaintiff and the class be awarded treble damages;

D. That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

E. That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

.

**SKAAR & FEAGLE, LLP**

By:    */s/ Justin T. Holcombe*
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       kskaar@skaarandfeagle.com
       133 Mirramont Lake Drive
       Woodstock, GA 30189
       Tel:    (770) 427-5600
       Fax:   (404) 601-1855

       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       Cliff R. Dorsen
       Georgia Bar No. 149254
       cdorsen@skaarandfeagle.com
       2374 Main Street, Suite B
       Tucker, GA 30084
       Tel:    (404) 373-1970
       Fax:   (404) 601-1855