IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAYDEN WREYFORD, *on behalf of himself and all others similarly situated*,<br><br>  Plaintiff,<br><br>v.<br><br>PURDUE FOR SENATE, INC. and GEORGIANS FOR KELLY LOEFFLER, INC.,<br><br>  Defendants. | CIVIL ACTION NO.<br>1:21-CV-2054-LMM |

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [10], Motion to Strike Class Allegations [11], Motion to Stay [13], and Motion for Oral Argument [28], and Plaintiff's Motion to Remand [17]. After due consideration, the Court enters the following Order:

### I. BACKGROUND

Plaintiff Hayden Wreyford alleges that he received an unwanted automated voicemail during the 2021 United States Senate special election in Georgia. Dkt. No. [2].[1] The voicemail was a recording of then-United States Secretary of

---

[1] The background facts are taken from Plaintiff's Amended Class Complaint, Dkt. No. [2], and viewed in the light most favorable to him.

Agriculture Sonny Purdue. In the voicemail, Secretary Purdue encouraged Plaintiff to vote for then-Senators Kelly Loeffler and David Purdue in the January 5, 2021 runoff elections. The call stated that it was paid for by Defendants.

Plaintiff filed a complaint in Gwinnett County State Court alleging that Defendants' call violated the Telephone Consumer Protection Act ("TCPA"). He claimed that the automated voicemail subjected him to "annoyance, nuisance, harassment, invasion of [his] privacy interests, intrusion upon seclusion, trespass or occupation of [his] telephone line[]." Id. ¶ 21. Plaintiff also alleged that the call rendered his phone "unavailable to receive legitimate calls or messages or perform other tasks for a short but material amount of time." Id. ¶ 22. He sought to certify a class of similarly situated plaintiffs based on these injuries. Id. ¶¶ 34–37.

Defendants removed to this Court, invoking the Court's federal-question jurisdiction because Plaintiff had alleged its sole cause of action under a federal statute, the TCPA. Dkt. No. [1] ¶ 6 (citing 28 U.S.C. § 1331). The parties have since filed several motions, but the Court must first address Plaintiff's Motion to Remand, Dkt. No. [17]. After setting forth the standard that applies to this Motion, the Court turns to the merits.

## II.  LEGAL STANDARD

The Court must ensure that it has subject matter jurisdiction before addressing the merits of a case. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

the case shall be remanded."). Subject matter jurisdiction depends, in part, on whether a plaintiff has standing. "Absent standing, the District Court lack[s] subject matter jurisdiction." McGee v. Solicitor Gen., 727 F.3d 1322, 1326 (11th Cir. 2013). "Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice. This is not so, however in the removal context" where remand is appropriate. Id. (holding that remand was proper and citing 28 U.S.C. § 1447(c)). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). "[T]he literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action." Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 89 (1991). The removing party bears the burden of proving subject matter jurisdiction. Friedman v. U.S. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). Finally, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

### III.  DISCUSSION

Plaintiff moves to remand this case. Dkt. No. [17]. He argues that the call at issue here was a ringless voicemail. And because "the Eleventh Circuit has held [ringless voicemails] insufficient to confer Article III Standing . . . this court should remand this case. . . ."[2] Dkt. No. [17-1] at 5. In response, Defendants do

---

[2] Plaintiff asserts that he has standing in Gwinnett County State Court despite the Eleventh Circuit's recent ruling. Dkt. No. [17-1] at 7.

not clearly oppose or concede Plaintiff's argument in favor of remand. They instead point out that Plaintiff is attempting to argue that this Court lacks *jurisdiction* without conceding that he lacks *standing*. Dkt. No. [23]. Defendants argue that the Court must either (1) decide that it has no jurisdiction because Plaintiff has failed to plead an injury in fact or (2) find that Plaintiff has alleged an injury in fact such that the Court has jurisdiction, at least until discovery proves otherwise, and resolve Defendants' pending motions. Dkt. No. [23] at 3–4. In other words, this case presents the unusual posture of Plaintiff arguing that he does not have standing for his TCPA claims. For reasons now addressed, the Court finds that Plaintiff has failed to allege an injury in fact under the Eleventh Circuit's TCPA-related cases.

To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Salcedo v. Hanna, 936 F.3d 1162, 1166 (11th Cir. 2019) (citing Spokeo, 578 U.S. at 856). The injury element is the "foremost" consideration in the standing analysis and is the issue before the Court. Id. (citation omitted).

In cases such as this one, where a statute creates the right to sue,[3] "plaintiffs do not 'automatically satisf[y] the injury-in-fact requirement.'" Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir. 2019) (quoting Spokeo

---

[3] See 47 U.S.C. § 227(b)(3)

4

v. Robins, 578 U.S. 856 (2016)); see also Glasser v. Hilton Grand Vacations Co., 948 F.3d 1301, 1305 (11th Cir. 2020) ("That Congress called them injuries and awarded damages for them does not end the inquiry."). Put differently, the plaintiff must allege a concrete harm "that is more than a '*bare procedural violation*.'" Cordoba, 942 F.3d at 1268 (quoting Spokeo, 578 U.S. at 856) (emphasis added).

Here, Plaintiff alleges that Defendants left an unsolicited voicemail on his phone. His Complaint links this voicemail to two categories of injuries. Both consist of conclusory allegations that point to bare procedural violations that cannot support Article III standing. First, Plaintiff alleges that he suffered harm from "annoyance, nuisance, harassment, invasion of [his] privacy interests, intrusion upon seclusion, trespass or occupation of [his] respective telephone line[]." Dkt. No. [1-1] ¶ 21. Second, Plaintiff alleges that "Defendants' calls rendered Plaintiff and the class members' cell phones unavailable to receive legitimate calls or messages or perform other tasks for a short but material amount of time." Id. ¶ 22. Plaintiff argues Eleventh Circuit precedent renders these allegations inadequate for federal jurisdiction. See Dkt. No. [17-1] at 2–3 (citing Salcedo, 936 F.3d 1162; Grigorian v. FCA US LLC, 838 F. App'x 390, 392 (11th Cir. 2020) (per curiam) (unpublished)).

The Court agrees because Plaintiff has not alleged an injury adequate for standing in federal court. Plaintiff's asserted harms—even considered together—are insufficient under the Eleventh Circuit's most recent TCPA decisions. As to

the annoyance and intrusion upon Plaintiff's privacy, the voicemail may have been "annoying, perhaps, but [it is] not a basis for invoking the jurisdiction of the federal courts." Salcedo, 936 F.3d at 1172 (holding that an unsolicited text message was not an injury in fact by distinguishing between an "inconsequential annoyance" and "alleg[ing] [some]thing like enjoying dinner at home with [the plaintiff's] family and having the domestic peace shattered by the ringing of the telephone"). Plaintiff has not alleged facts to illuminate any consequences of the voicemail, making this an "inconsequential annoyance" that is wholly unlike a ringing phone call that "intrudes upon the seclusion of the home. . . [and] demands the recipient's immediate attention." Id. This is especially true given that the Complaint does not allege that the phone rang at all. Accordingly, the Complaint fails to allege specifically that any private activity was interrupted or that tranquility was shattered. Therefore, Plaintiff alleges a "bare procedural violation" and has not established an injury in fact based these allegations.

Nor does the Court find that Plaintiff has alleged a cognizable injury based on the unavailability of his phone for other activities. To be sure, Plaintiff alleges that "Defendants' calls rendered Plaintiff and the class members' cell phones unavailable to receive legitimate calls or messages or perform other tasks for a short but material amount of time." Id. ¶ 22. But this conclusory recitation alone cannot satisfy the injury in fact element, as explained by the Eleventh Circuit:

> [The plaintiff] has alleged *no particular loss of opportunity* . . . [The plaintiff's] assertion that he and his phone were unavailable appears only to recite language we used in Palm Beach Golf . . . We are entitled

6

to look past this conclusory recitation to the actual factual substance of [the plaintiff's] allegations.

Salcedo, 936 F.3d at 1168 (emphasis added).

As in Salcedo, Plaintiff here has failed to substantiate his legal conclusion that his phone was tied up. Plaintiff has not alleged a specific window of time where the phone was unavailable. See e.g., Palm Beach Golf Ctr.–Boca, Inc. v. Sarris, 781 F.3d 1245, 1252 (11th Cir. 2015) (finding an injury in fact when the plaintiff alleged the unavailability of a fax machine *for one minute*). Additionally, the Complaint offers no factual substance that suggests the voicemail "searched, dispossessed, or seized [the phone] for any length of time," Salcedo, 936 F.3d at 1172, and thus, Plaintiff has failed to distinguish the voicemail from a text message that "does not occupy the device for any period of time." Cordoba, 942 F.3d at 1270. In other words, Plaintiff has not shown that the voicemail occupied the phone in any way or that Plaintiff experienced a "particular loss of opportunity." Thus, the Court finds that Plaintiff has failed to allege either that the voicemail intruded upon his privacy or that it tied him up to a cognizable degree.

The Court's holding that Plaintiff has failed to allege a cognizable injury is bolstered by a recent decision of the Eleventh Circuit. See Grigorian, 838 F. App'x at 394. In that case, the Eleventh Circuit held that a "ringless voicemail" does not create an injury in fact. Id. (finding no injury in fact where the plaintiff listened to a "ringless voicemail" because she failed to allege that the phone was "unavailable to receive legitimate calls or messages for any period of time"). A ringless

7

voicemail is a prerecorded voicemail that is delivered directly to the recipient's voice mailbox, avoiding the recipient's ability to answer or block the phone call. Id. at 392.

The parties equivocate on whether the Court may properly deem the call here to be a ringless voicemail. Plaintiff asserts that Defendants have admitted that the call was a ringless voicemail. Dkt. No. [17-1] at 12. Defendants argue that they have made no such admission, Dkt. No. [23] at 5, but rather they argue that Plaintiff has effectively pleaded that he received a ringless voicemail:

> Plaintiff does not allege that his phone rang or that he answered. Nor does he allege that he was charged. He does not even allege that he received a notification of the voicemail. Thus, the only inference that can be drawn is that the alleged "call" was a direct-to-voicemail message.

Id.

These niceties are ultimately irrelevant because, for all intents and purposes, the parties agree that Plaintiff has alleged a ringless voicemail. Plaintiff's Motion to Remand urges this Court to remand based on the Grigorian holding regarding ringless voicemails. And Defendants consistently assert that Plaintiff's Complaint alleges a ringless voicemail. See Dkt. No. [10-1] at 7 ("[W]hat Plaintiff in fact alleges is that he received a 'ringless voicemail.'"); Dkt. No. [11-1] at 2 (referencing "the ringless voicemail alleged in the Complaint"); Dkt. No. [23] at 5 ("Plaintiff Pled That He Received A Ringless Voicemail.").

8

Defendants have the burden of establishing jurisdiction,[4] but they still endorse the view that Plaintiff has alleged a ringless voicemail. Dkt. No. [13-1] at 2 ("[T]he Court. . . should stay the case under the doctrine of primary jurisdiction to allow the FCC to determine whether ringless voicemails are 'calls' within the meaning of the TCPA.").

These effective concessions by the parties are in accordance with the facts alleged in the Complaint. Regardless of whether Plaintiff described this call as a "ringless voicemail," Plaintiff does not allege that the phone rang, nor does Plaintiff allege that he answered a call or spent any time on the phone. These facts mirror the circumstances in Grigorian where the ringless-voicemail recipient "did not remember hearing her phone ring or hearing a sound to indicate she had a voicemail." 838 F. App'x at 393. So, both the Complaint and the parties' arguments indicate that Plaintiff's injury was identical to the one suffered by the ringless-voicemail plaintiff in Grigorian. Thus, this was at most a bare procedural violation, not an injury in fact. Accordingly, Plaintiff does not have standing, this Court lacks jurisdiction, and so the Court must remand the case. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[4] See Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal.").

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Remand [17] is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to Gwinnett County State Court.

**IT IS SO ORDERED** this 23rd day of August, 2021.

_____
**Leigh Martin May
United States District Judge**